### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### MOBILE DIVISION

| | |
|---|---|
| CYNTHIA GREENE POWELL, on behalf of himself and others similarly situated, | : |
| Plaintiff, | : CIVIL ACTION FILE NO. |
| v. | : |
| THE CREDIT PROS INTERNATIONAL CORPORATION, | : **COMPLAINT – CLASS ACTION** |
| Defendant. | : **JURY TRIAL DEMANDED** |

Plaintiff Cynthia Greene Powell ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.  As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by The Credit Pros International Corporation ("Credit Pros") to market its services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Cynthia Powell is a resident of this District.

6. Defendant The Credit Pros International Corporation is corporation located in Florida.

7. The Credit Pros International Corporation is registered to do business in this District through Cogency Global Inc., 2 North Jackson Street. Suite 605. Montgomery, AL 36104.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has jurisdiction over Credit Pros because it is registered to do business in this District and directed calls into this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because as calls were received in this District.

## BACKGROUND

<u>Calls Made Using a Pre-Recorded Message</u>

11. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

## FACTUAL ALLEGATIONS

15. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

16. At no point has the Plaintiff sought out or solicited information regarding Defendant's services prior to receiving the pre-recorded calls at issue.

<u>Call to Plaintiff</u>

17. Ms. Powell's cellular telephone number is (251)-XXX-3395.

18. Ms. Powell has no prior relationship with the Defendant and did not consent to receive calls from them.

19. Despite that, Ms. Powell received pre-recorded telemarketing calls from Credit Pros, including at least on February 16, 2023.

20. The pre-recorded message stated, "This is Sarah with the Credit Pros, I just tried you regarding your interest in getting your credit score up were professional at helping people like you improve their credit…".

21. The call was clearly pre-recorded because (a) there was a pause before the recording played and the robot started speaking (b) the robot had a generic monotone voice.

22. Credit Pros has previously received complaints about its telemarketing conduct that is alleged to violate the TCPA, including the filing of lawsuits against them.

23. Prior to the filing of this lawsuit, the Plaintiff's attorney sent a letter to the Defendant.

24. The Defendant did not deny the pre-recorded calling conduct.

25. However, the Defendant claimed that they had consent to make the call.

26. But the Plaintiff never provided the Defendant with consent to make telemarketing calls to her.

27. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

29. Plaintiff brings this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

30. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Pre-Record Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone (3) from or on behalf of Credit Pros services, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Class as she has no interests that conflict with any of the class members

32. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

33. This Class Action Complaint seeks injunctive relief and money damages.

34. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

35. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

36. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

37. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

38. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

39. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. whether a pre-recorded message was used to send calls;

   c. whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the call;

   d. whether Defendant's conduct constitutes a violation of the TCPA; and

  e. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Robocall Class

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. The Defendant violated the TCPA by or causing to be sent via pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

43. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

45. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Credit Pro from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

  A. Injunctive relief prohibiting Credit Pros from calling cellular telephone numbers using a prerecorded voice in the future;

  B. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

  C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

  D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date: July 31, 2023.

      Respectfully submitted,

      /s/ J. Matthew Stephens
      J. Matthew Stephens (ASB-3788-e66s)
      **METHVIN, TERRELL, YANCEY,**
      **STEPHENS & MILLER, P.C.**
      2201 Arlington Avenue South
      Birmingham, AL  35205
      Telephone:  (205) 939-0199
      Facsimile:  (205) 939-0399
      Email: mstephens@mtattorneys.com

Anthony I. Paronich (*subject to pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*

**DEFENDANT TO BE SERVED AS FOLLOWS:**

The Credit Pros International Corporation
c/o Cogency Global, Inc.
2 North Jackson Street
Suite 605
Montgomery, Alabama  36104